IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-00930-MR

| | |
|---|---|
| CHARLES LEON GARMON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>LESLIE COOLEY DISMUKES[1], )<br>Secretary, North Carolina )<br>Department of Adult Correction, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by Charles Leon Garmon (herein "Petitioner") on October 21, 2024. [Doc. 1].

I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina. [Doc. 1 at 1]. The Petitioner was convicted in Union County Superior Court on January 5, 2009, based upon his plea of guilty to one count of indecent liberties with a minor.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. See N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, is now the proper Respondent.

[Id.]. According to the North Carolina Department of Adult Correction Database, Petitioner received a suspended sentence and probation.[2] On April 1, 2009, Petitioner's probation was revoked, and he was sentenced to an active term of 19 to 23 months imprisonment. [NCDAC Database at 5]. Petitioner was released from custody based on that conviction on May 13, 2010, when his sentence expired on that date. [Id.].

The Petitioner filed no direct appeal from his indecent liberties conviction. [Doc. 1 at 2]. Likewise, the Petitioner did not file any post-conviction collateral litigation. [Id. at 3]. The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on October 21, 2024, raising three state-law related claims. [Id. at pp. 5-12]. Ultimately, the Petitioner seeks as relief from this Court that his state sex offender registration requirement be terminated.

The Petitioner is now incarcerated pursuant to an entirely different judgment.

## II. DISCUSSION

A federal district court may only entertain an application for writ of habeas corpus under 28 U.S.C. § 2254 if the applicant is in custody pursuant

---

[2] See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0732593&searchOffenderId=0732593&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

to the judgment of a state court. Id. Even though the Petitioner is presently in custody, he is no longer in custody pursuant to the judgment of the state court about which complains. Petitioner's sentence for his Union County indecent liberties conviction has long since expired. [NCDAC Database at 5].

In reviewing a § 2254 petition, this Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254. Because the Petitioner's state court judgment has terminated, Petitioner's instant action challenging the now-expired Union County indecent liberties conviction would provide him no relief and therefore must be dismissed.[3]

## III. CONCLUSION

The Court will deny the Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and dismiss this action. Finally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court will decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537

---

[3] Petitioner's § 2254 petition is subject to dismissal for two additional reasons: first, the petition was filed beyond the statute of limitations, 28 U.S.C. § 2244(d)(1); and second, the petition only raises state-law related claims. A federal court may not grant § 2254 relief as to any claim adjudicated on the merits in state court unless the state court's adjudication of such claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

3

U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DENIED** and **DISMISSED.**

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court **DECLINES** to issue a certificate of appealability.

3. The Clerk of Court is respectfully requested to substitute Leslie Cooley Dismukes as the Respondent in this action.

4. The Clerk of Court is respectfully directed to terminate this action.

Signed: January 21, 2026

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge